**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIE T. SMITH, | |
|     Plaintiff, | Case No. 3:15-cv-00373-RCJ-WGC |
| v. | |
| JOHN DOE *et al.*, | **SCREENING ORDER** |
|     Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, has filed an application to proceed *in forma pauperis* and a motion to file a longer complaint. (ECF No. 1-1, 1, 1-2). The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison

Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

2

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

Plaintiff sues several defendants for events that occurred while he was incarcerated at Ely State Prison ("ESP"). (ECF No. 1-1 at 1). He sues John Does 1-2, Renee Baker, C. Kerner, Fletcher, and Foster. (*Id*. at 2-3). He alleges three counts and seeks monetary damages and declaratory relief. (*Id*. at 5-13, 16-17).

Plaintiff alleges that his incoming mail has been confiscated and withheld from him, in violation of the First Amendment, without due process, and in violation of the Equal Protection Clause. (*Id*. at 4). Plaintiff alleges that on January 27, 2014, and January 9, 2015, he received "unauthorized mail notifications" refusing to deliver him his incoming mail. (*Id.* at 5). These notifications provided insufficient details for him to respond and object. (*Id*.). Plaintiff made several requests for the name of the sender of the mail and his requests were never answered. (*Id*. at 6). Plaintiff also filed an informal grievance and appeals which were denied. (*Id*. at 7).

### A. Count I - First Amendment

Prisoners enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989). However, a prison may adopt regulations or practices that impinge on a prisoner's First Amendment rights so long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). With respect to legal mail, prison officials are not permitted to review a prisoner's legal papers

for legal sufficiency before sending them to the court. *See Ex Parte Hull*, 312 U.S. 546, 549 (1941). However, prison officials may, consistent with the First Amendment, require (1) that mail from attorneys be identified as such and (2) open such correspondence in the presence of the prisoner for visual inspection. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Additionally, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). A prison need not treat all mail sent to government agencies and officials as legal mail. *See O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996).

Isolated incidents of mail interference, "without any evidence of improper motive or resulting interference with [the] right to counsel or to access the courts," do not give rise to a First Amendment violation. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *see also Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[T]he inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail.") (internal quotation marks omitted); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) ("[W]e have never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action."); *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987) ("[M]erely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment.").

Plaintiff has failed to state a First Amendment claim. He alleges his incoming mail was "confiscated without just cause" on two occasions. (ECF No. 1-1 at 5). Plaintiff received notice that his mail was being held on both occasions. Plaintiff does not allege that this mail was legal mail other than the fact that the January 27, 2014, notice stated "copies made in law library." This notice provided Plaintiff with the opportunity to appeal the decision of his mail being withheld. (*See id.* at 20). Isolated incidents of interference with mail that do not suggest improper motive or interference with access to counsel or the courts do not violate the First Amendment. Construing Plaintiff's allegations in the light

4

most favorable to him, he has not stated a colorable First Amendment claim. Plaintiff's First Amendment claim will be dismissed with prejudice as amendment would be futile.

### B.   Count II - Due Process

*Procunier v. Martinez* forms the genesis of the procedural protections required by Due Process when mail is withheld from a prisoner. In *Procunier*, the U.S. Supreme Court affirmed the judgment of a federal district court that ordered "an inmate be notified of the rejection of a letter written by or addressed to him, that the author of that letter be given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence." 416 U.S. 396, 418-19 (1974). The Ninth Circuit later found that Procunier's approval of the district court's order created a due process standard when a prisoner's mail is withheld from the inmate. Specifically, in *Frost v. Symington*, 197 F.3d 348 (1999), the Ninth Circuit held that an inmate had "a Fourteenth Amendment due process liberty interest in receiving notice that his incoming mail is being withheld by prison authorities." *Id*. at 353; *see also Sorrels v. McKee*, 290 F .3d 965, 972 (9th Cir.2002); *Prison Legal News v. Cook*, 238 F.3d 1145, 1152 (9th Cir.2001).

Taking the facts in the light most favorable to the Plaintiff, the Court finds as a matter of law that Plaintiff fails to state a claim for a Fourteenth Amendment procedural due process violation. Plaintiff was not entitled to a hearing or review of his individual circumstances. Plaintiff admitted that he received notice his mail was being withheld which meets the due process requirements under the Fourteenth Amendment. Therefore, Plaintiff's claims in Count II are dismissed with prejudice because amendment would be futile.

### C.   Count III - Equal Protection

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and

5

purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff fails to state an equal protection claim. Plaintiff alleges only that he was denied his incoming mail and was treated differently than similarly situated inmates. Plaintiff's allegations are vague and conclusory and do not suggest that he was discriminated against in any manner that would support a colorable equal protection claim. Accordingly, Plaintiff's claims in Count III are dismissed with prejudice because amendment would be futile.

### III.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** the application to proceed *in forma pauperis* (ECF No. 1) is **moot**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **shall file** the complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint **is dismissed in its entirety with prejudice**, for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion to file a longer complaint (ECF No. 1-2) is **granted**.

**IT IS FURTHER ORDERED** that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated: This 26th day of January, 2016.

_____
United States District Judge