✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 1 2 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE T. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>RENEE BAKER et al.,<br><br>    Defendants. | 3:15-cv-00373-RCJ-WGC<br><br>ORDER |

## I.  DISCUSSION

On January 26, 2016, this Court issued a screening order dismissing, with prejudice, Plaintiff's claims for First Amendment mail violations, due process, and equal protection. (ECF No. 3 at 4-6). Plaintiff appealed. (ECF No. 6).

On February 24, 2017, the U.S. Court of Appeals for the Ninth Circuit affirmed in part, reversed in part, and remanded. (ECF No. 11 at 3). The Ninth Circuit held that this Court properly dismissed Plaintiff's equal protection claim and procedural due process claim regarding the confiscation of his mail. (*Id.* at 2). However, the Ninth Circuit held that "dismissal of [Plaintiff's] First Amendment claim against Doe 1 and Doe 2 regarding the confiscation of his incoming mail was premature because [Plaintiff's] allegations that defendants seized and withheld his mail without a legitimate penological interest, liberally construed, are sufficient to state a claim." (*Id.* at 2-3). The Ninth Circuit reversed the judgment regarding the First Amendment claim against Doe 1 and Doe 2 and remanded for further proceedings. (*Id.* at 3).

The Court now finds that Count I, alleging First Amendment mail violations, will proceed against Defendants Doe 1 and Doe 2 when Plaintiff learns their identities.

The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti,*

629 F.2d 637, 642 (9th Cir.1980). Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999). Accordingly, Plaintiff shall be allowed to conduct limited pre-service discovery in an effort to ascertain the true identity of the defendants. To that end, the Attorney General's Office will be directed to enter a limited appearance in this action for the purpose of responding to the discovery discussed herein. Plaintiff will be permitted to serve three interrogatories on the Attorney General's Office in order to discover the identities of Doe 1 and Doe 2. If Plaintiff learns the identities of the prison officials who allegedly violated his rights, he shall file a motion to substitute the true names of the Doe defendants into his complaint. If Plaintiff is unable to learn the identity of at least one Doe defendant, this action shall be dismissed without prejudice.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Count I, alleging First Amendment mail violations, will proceed against Defendants Doe 1 and Doe 2 when Plaintiff learns their identities.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically **SERVE** a copy of this order, a copy of the original screening order (ECF No. 3), a copy of Plaintiff's complaint (ECF No. 4), and a copy of the Ninth Circuit's memorandum disposition (ECF No. 11) on the Office of the Attorney General of the State of Nevada, attention Traci Plotnick.

IT IS FURTHER ORDERED that the Attorney General's Office shall enter a limited notice of appearance within ten (10) days on behalf of Defendants for the limited purpose of conducting limited pre-service discovery in an effort to ascertain the true identities of the Doe defendants.

IT IS FURTHER ORDERED that Plaintiff will be permitted to serve three interrogatories on the Attorney General's Office in order to discover the identities of Doe 1 and Doe 2.

IT IS FURTHER ORDERED that, if Plaintiff is able to discover the identities of Doe 1 and Doe 2, he shall file a motion to substitute naming at least one Doe defendant within sixty

(60) days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff a copy of his original complaint (ECF No. 4).

IT IS FURTHER ORDERED that, if Plaintiff fails to timely file a motion to substitute naming at least one Doe defendant, as outlined in this order, this action shall be dismissed without prejudice.

DATED: This 12 day of ~~June~~ July, 2017.

_____
United States District Judge