UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE T. SMITH, | Case No. 3:15-cv-00373-RCJ-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| RENEE BAKER, *et al.*, | |
| Defendants. | |

Before the court is Defendant Drugh Waggener's Motion to Strike Plaintiff's Motion for Summary Judgment. (ECF No. 49.) Plaintiff filed a response. (ECF No. 51.)

Plaintiff initiated this action in July of 2015, concerning the alleged confiscation of his mail. On January 26, 2016, District Judge Jones issued a screening order that dismissed the complaint with prejudice. (ECF No. 3.) Plaintiff appealed the dismissal. The Ninth Circuit affirmed dismissal of the procedural due process claim regarding confiscation of his mail, and also affirmed the dismissal of his equal protection claim. (ECF No. 11.) The Ninth Circuit reversed the dismissal of Plaintiff's First Amendment claim regarding the confiscation of his incoming mail, finding Plaintiff's allegations that his mail was seized without a legitimate penological purpose, stated a colorable claim. (*Id.*)

On July 12, 2017, District Judge Jones entered an order, consistent with the Ninth Circuit's findings, that Plaintiff could proceed against Doe Defendants 1 and 2 with respect to the First Amendment mail confiscation claim. (ECF No. 14.) The court allowed Plaintiff to conduct pre-service discovery to ascertain the true identity of the defendants, and directed the Attorney General's Office to enter a limited notice of appearance to respond to three interrogatories aimed at discovering the identity of the defendants. (*Id.*)

///

The court subsequently allowed Plaintiff to substitute Officer A. Loting for Doe 1. (ECF No. 24.) It was subsequently clarified that the Officer's name was Amos Lofing. (ECF No. 36.)

Plaintiff subsequently filed a motion to amend his complaint to identify Doe 1 as Officer A. Loting. (*See* ECF No. 36 at 1.) The court ordered the Attorney General's Office to provide the identity of the mailroom supervisor at the time of the incident described in this case. (*Id*.)

On June 20, 2018, the Attorney General's Office identified the mailroom supervisor as Drugh Waggener. (ECF No. 37.) He was a former employee of the Nevada Department of Corrections (NDOC), therefore, his address was submitted under seal for service. (*Id*.; ECF Nos. 38, 39.) That same day, the undersigned ordered the Clerk to issue a summons for Waggener, and subsequently ordered that Waggener was substituted for Doe 2. (ECF Nos. 40, 41, 42.)

On July 23, 2018, Plaintiff filed a motion for summary judgment. (ECF No. 43.)

On July 25, 2018, a service return was filed by the U.S. Marshal's Office, indicating that Waggener was served on July 18, 2018. (ECF No. 44.)

On August 6, 2018, the Attorney General's Office filed a notice that it would be representing Waggener. (ECF No. 46.) The following day, Waggener filed a request for instruction regarding the time for filing a responsive pleading, or a thirty-day extension of time, until September 7, 2018, to file a responsive pleading. (ECF No. 47.)

The court granted the request, and gave Waggener up to and including September 7, 2018, to file a responsive pleading. (ECF No. 48.)

On August 10, 2018, Waggener filed the motion to strike Plaintiff's motion for summary judgment. (ECF No. 49.) He argues that the motion should be stricken because he had not been served with process at the time Plaintiff allegedly served the motion for summary judgment. He asserts that Plaintiff's proof of service says he mailed the motion to Waggener on July 16, 2018, but Plaintiff did not have his address (as it was filed under seal), and he was not represented by counsel until August 6, 2018. Waggener filed a response to the motion for summary judgment, asserting the same argument, and alternatively, requesting a thirty-day extension of time to oppose the motion for summary judgment. (ECF No. 50.)

Plaintiff's motion for summary judgment does certify that the motion was served on the defendant by mail on July 16, 2018; but, Waggener is correct that he had not yet been served and Plaintiff would not have had his address for service by mail.

In any event, the court **DENIES** the motion to strike as moot. Under Federal Rule of Civil Procedure 56(b), "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery[,]" unless a different time is set by local rule or court order. Plaintiff was required to properly serve Waggener with the motion for summary judgment, but did not do so. Nevertheless, the Attorney General's Office has since filed a notice that it is representing Waggener, and Waggener has been given an extension of time to file a responsive pleading. Striking the motion only to have Plaintiff re-file it would not serve the goals of Rule 1. Therefore, the court will allow the motion to stand, and will grant Waggener an extension of time to file a response.

Counsel for Waggener has electronic access to Plaintiff's motion for summary judgment. Waggener shall file a response to the motion within **TWENTY-ONE DAYS** from the date of this Order. Plaintiff will have **SEVEN DAYS** after he is served with the response to file his reply brief.

Finally, the court notes that defendant Lofing has not yet been served. Within **TEN DAYS** of the date of this Order, the Attorney General's Office shall file a notice indicating whether it will accept service on behalf of Lofing, or file his last known address under seal.

**IT IS SO ORDERED.**

DATED: August 27, 2018.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE