# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE T. SMITH, | Case No. 3:15-cv-00373-RCJ-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| RENEE BAKER, et. al., | |
| Defendants. | |

Plaintiff initiated this action in July of 2015, concerning the alleged confiscation of his mail. On January 26, 2016, District Judge Jones issued a screening order that dismissed the complaint with prejudice. (ECF No. 3.) Plaintiff appealed the dismissal. The Ninth Circuit affirmed dismissal of the procedural due process claim regarding confiscation of his mail, and also affirmed the dismissal of his equal protection claim. (ECF No. 11.) The Ninth Circuit reversed the dismissal of Plaintiff's First Amendment claim regarding the confiscation of his incoming mail, finding Plaintiff's allegations that his mail was seized without a legitimate penological purpose, stated a colorable claim. (*Id.*)

On July 12, 2017, District Judge Jones entered an order, consistent with the Ninth Circuit's findings, that Plaintiff could proceed against Doe Defendants 1 and 2 with respect to the First Amendment mail confiscation claim. (ECF No. 14.) The court allowed Plaintiff to conduct pre-service discovery to ascertain the true identity of the defendants, and directed the Attorney General's Office to enter a limited notice of appearance to respond to three interrogatories aimed at discovering the identity of the defendants. (*Id.*)

The court subsequently allowed Plaintiff to substitute Officer A. Loting for Doe 1. (ECF No. 24.) It was later clarified that the Officer's name was Amos Lofing. (ECF No. 36.)

In an order issued on August 27, 2018, the court noted that Lofing had not yet been served,

and ordered the Attorney General's Office to file a notice indicating whether it would accept service on behalf of Lofing, or file his last known address under seal. (ECF No. 52.)

The following day, the Attorney General's Office filed a Notice of Inability to Accept Service with respect to Lofing. (ECF No. 53.) The notice indicates that counsel requested the last known address for Lofing, but it is a post office box in Arizona, and service cannot be accomplished on a post office box. Counsel undertook efforts to request from NDOC a review of archived or paper files for Lofing that might reveal a street address, but was informed there is no other address available for Lofing.

Plaintiff has **ninety-days** from the date of this Order to complete service with respect to Lofing or he may be dismissed without prejudice, absent a showing of good cause as to why service was not timely made. Fed. R. Civ. P. 4(m). The court acknowledges Plaintiff may face difficulty given that the last known address for Lofing is a post office box, and Plaintiff cannot effectuate proper service on an individual under Rule 4 by serving Lofing at a post office box.

**IT IS SO ORDERED.**

DATED: August 30, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE