UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIE T. SMITH, | ) | 3:15-cv-00373-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | Re: ECF No. 61 |
| RENEE BAKER, *et al.*, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for the Appointment of Counsel (ECF No. 61). Plaintiff contends he was "transferred to High Desert State Prison from Southern Desert Correctional Center without his property. On September 29, 2018, Plaintiff was given some of his property and told by one officer that Officer Diaz would go and get his legal box once they were done giving me the property that was there." (*Id.*) Plaintiff further states he "contacted the prison (HDSP) administratively through their grievance system in order to have his legal box returned to him, and although he informed them he had a court deadline to meet on 10-17-18, they still have not responded in any manner!" (*Id.* at 2.) Plaintiff states that appointment of counsel "is warranted not only for the foregoing reasons but for trial and investigative claims as well." (*Id.* at 3.)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800

(9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 16, 21, 22, 33, 43, 51, 58, 59.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331. The substantive claim remaining in this action is not unduly complex, i.e., the First Amendment mail violations against Defendants Lofing and Waggener. (ECF No. 24.)

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. Plaintiff attempts to demonstrate his likelihood of success by referring, generally, to his motion for summary judgment. (*Id.* at 2-3.) However, the mere fact that Plaintiff has filed a motion for summary judgment (ECF No. 43) does not signify the likelihood of success.

While any *pro se* inmate such as Mr. Smith would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's motion (ECF No. 61).

**IT IS SO ORDERED.**

DATED: October 17, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE