UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE T. SMITH,<br><br>　　　Plaintiff,<br><br>v.<br><br>RENEE BAKER, *et al.*,<br><br>　　　Defendants. | Case No.: 3:15-cv-00373-RCJ-WGC<br><br>**REPORT & RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**<br><br>Re: ECF Nos. 43, 55 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for summary judgment. (ECF No. 43.) Defendant Drugh Waggener filed a response. (ECF Nos. 57, 57-1 to 57-6.) Plaintiff filed a reply. (ECF No. 58.)

Also before the court is Waggener's motion for summary judgment (ECF Nos. 55, 55-1 to 55-5). Plaintiff filed a response. (ECF No. 59.) Waggener filed a reply. (ECF No. 60.)

After a thorough review, it is recommended that: (1) defendant Amos Lofing be dismissed under Federal Rule of Civil Procedure 4(m) because Plaintiff did not timely serve him with the summons and complaint; (2) Plaintiff's motion for summary judgment be denied; and, (3) Waggener's motion for summary judgment be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

Plaintiff filed his application to proceed in forma pauperis and proposed civil rights complaint, and District Judge Jones dismissed the complaint in its entirety. (ECF No. 3.) Plaintiff appealed. (ECF No. 6.) The Ninth Circuit found that the court properly dismissed Plaintiff's procedural due process and equal protection claims. (ECF No. 11.) The Ninth Circuit reversed and remanded the dismissal of the First Amendment claim against Does 1 and 2 as premature because the allegations that the defendants seized and withheld mail without a legitimate penological purpose, liberally construed, were sufficient to state a claim. (*Id.*)

District Judge Jones entered an order that Plaintiff could proceed against Does 1 and 2 as to the First Amendment mail confiscation claim, and allowed Plaintiff to conduct pre-service discovery to ascertain the true identity of the defendants. (ECF No. 14.) The Does were subsequently identified as Amos Lofing (Doe 1) and Drugh Waggener (Doe 2).

Plaintiff alleges that on January 27, 2014, Lofing sent Plaintiff an unauthorized mail notification and refused to deliver his incoming mail, failing to give him enough information to reasonably object or respond to the notice. On February 2 and 11, 2014, Plaintiff alleges that he sent the mailroom supervisor, identified as Waggener, a request for the name of the sender of the unauthorized mail so he could determine whether to have the mail returned. Plaintiff received no response to his inquiries.

The Attorney General's Office did not accept service for Lofing, and advised that the only last known address it had for Lofing was a post office box in Arizona. (ECF No. 30, 53.) The court acknowledged that Plaintiff may have difficulty effectuating proper service under Rule 4 since the only last known address was a post office box, and as such, gave Plaintiff an extension of time (an additional 90 days from August 30, 2018) to serve Lofing. (ECF No. 54.) To date, no proof of

service has been filed for Lofing; therefore, Lofing should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

In his motion for summary judgment, Plaintiff asserts that the mail room supervisor never responded to his requests of February 2 and 11, 2014, requesting the name of the sender of the unauthorized mail in violation of his First Amendment rights.

In his motion for summary judgment, Waggener argues: (1) the mail was properly deemed unauthorized under Administrative Regulation (AR) 750, which is reasonably related to a legitimate penological purpose; (2) Waggener did not personally handle Plaintiff's mail; (3) this was an isolated incident of interference with mail and does not amount to a constitutional violation; and (4) he is entitled to qualified immunity.

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof.

*See Anderson*, 477 U.S. at 248-50. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely

on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmoving party is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### III. DISCUSSION

Preliminarily, the court points out that Plaintiff's response to Waggener's motion for summary judgment parrots his own motion for summary judgment, just as Waggener's response to Plaintiff's motion for summary judgment asserts the same essential arguments as Waggener's own motion for summary judgment.

On January 27, 2014, Lofing sent Plaintiff an unauthorized mail notification. (ECF No. 4 at 5, 20.) The notification was signed by Lofing on January 27, 2014, noting: "Copies mad [sic] in Law Library/card made." (ECF No. 4 at 20.) The notification advised Plaintiff he had 10 days to inform the mailroom officer in writing whether he wished to: ship out the mail at his expense; have the unauthorized mail disposed of according to NDOC procedures; or, appeal the decision through the inmate grievance process. (*Id*.)  Plaintiff alleges that on February 2 and 14, 2014, he sent the mailroom supervisor at ESP written requests for the name of the sender of the unauthorized mail

to determine whether to return the mail. (ECF No. 4 at 5-6.) He did not receive a response from the mailroom supervisor. (*Id*. at 6.)

Plaintiff filed an informal level grievance on this issue on March 13, 2014. (ECF No. 4 at 25-26.) The informal level grievance was assigned to C.Kerner, who responded: "Your legal mail is professionally handled in accordance with AR 750." (*Id*. at 27.)

Plaintiff filed a first level grievance dated June 11, 2014, stating that the issue raised was not addressed. (ECF No. 4 at 29.) The first level grievance was assigned to M.Fletcher, who responded: "You need to read AR 750. Your legal Mail has been handled with in the parameters of AR 750." (*Id*. at 30.)

Plaintiff submitted a second level grievance dated August 5, 2014, stating that he was denied due process in dealing with the mail that was deemed unauthorized. (ECF No. 4 at 32.) The second level grievance was assigned to S.L. Foster, who responded: "You have failed to attach the U/A notice as evidence to your claim as such, your claim cannot be investigated and is therefore denied." (*Id*. at 33.)

This sequence of events is reiterated in Plaintiff's motion for summary judgment. (ECF No. 43.) Plaintiff argues that Waggener was responsible for ensuring the legal mail was processed correctly before and after he was made aware of the unauthorized determination, and the mail should not have been confiscated. Plaintiff also asserts the argument (not specifically alleged in the complaint) that Waggener is liable due to his failure to properly supervise Lofing.

The court finds one uncontroverted fact dispositive of both motions for summary judgment: while Waggener was employed by ESP as a correctional sergeant in January of 2014, he was injured in a job-related incident on January 14, 2014, and was on medical leave from that date until

March 18, 2015, when he retired. (Waggener Decl., ECF No. 55-5.) Plaintiff asks the court to reject this claim, but submits no evidence to rebut this essential fact.

"42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]" *Id*. (citations omitted).

In addition, under section 1983, supervisors are not liable for the actions of their subordinates under a theory of vicarious liability. *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012), overruled on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (citation omitted). A supervisor can only be liable if he or she was personally involved in the constitutional deprivation or there is sufficient causal connection between the supervisor's conduct and the constitutional violation. *Id*. (citation omitted). The causal connection can include: (1) the supervisor's own culpable action or inaction in the training, supervision, or control of a subordinate; (2) the supervisor's acquiescence in the constitutional deprivation; (3) conduct that shows a reckless or callous indifference to the rights of others; (4) implementation of a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind the violation. *See Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).

Waggener has produced evidence that he was on medical leave at the time Plaintiff alleges he sent the requests for information to the mailroom supervisor. There is no evidence in the record that Waggener ever received Plaintiff's requests so he could have engaged in a violation of Plaintiff's constitutional rights. Plaintiff makes the unsupported statement in his briefing that

Waggener was on notice through his grievances, but Waggener did not respond to any of Plaintiff's grievances. Nor is there evidence he otherwise had knowledge of the grievances. Instead, the evidence reflects that the grievances were all filed while Waggener was on medical leave. Moreover, there is no evidence that Waggener even knew of the unauthorized property determination by Lofing, or any other fact that would support a claim of supervisory liability.

In sum, Plaintiff has not come forward with evidence that Waggener violated his First Amendment rights. Waggener, on the other hand, has come forward with evidence that he did not violate Plaintiff's rights under the Constitution, which remains uncontroverted. Therefore, Plaintiff's motion for summary judgment should be denied and Waggener's motion for summary judgment should be granted.

In light of this conclusion, the court need not reach the parties' arguments regarding whether deeming the mail unauthorized and later destroying it was constitutional, whether it was an isolated incident not rising to the level of a constitutional violation, or qualified immunity.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DISMISSING WITHOUT PREJUDICE** defendant Amos Lofing under Rule 4(m);

(2) **DENYING** Plaintiff's motion for summary judgment (ECF No. 43); and

(3) **GRANTING** defendant Waggener's motion for summary judgment (ECF No. 55).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report

and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 19, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE