UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE T. SMITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RENEE BAKER, et al.,<br><br>　　　　　Defendants. | Case No. 3:15-CV-00373-RCJ-WGC<br><br>**ORDER** |

Plaintiff timely brings this motion to vacate judgment under Fed. R. Civ. P. 60(b)(3). The Court finds that the grant of summary judgment for Defendant was proper and accordingly denies Plaintiff's motion.

**FACTUAL BACKGROUND**

Plaintiff is a *pro se* prisoner litigant who brought claims arising from alleged conduct that occurred at Ely State Prison ("ESP"). Plaintiff claimed that his mail had been confiscated from him in violation of his constitutional rights. In its screening order, the Court dismissed Plaintiff's complaint in its entirety. (ECF No. 3.) Upon appeal, the Ninth Circuit affirmed in part and reversed in part this Court's order, allowing the claims of First Amendment violations to proceed against John Does because Plaintiff alleged multiple instances of mail interference. (ECF No. 11.) This

1  Court then ordered the Nevada Deputy Attorney General ("DAG") to identify "the mailroom
2  supervisor at the time of the incidents leading to the filing of this case." (ECF No. 36.) The DAG
3  filed a notice in response to this order, stating that "[a]ccording to institutional records, Drugh
4  Waggener was the Property Room/Mail Room supervisor on January 27, 2014." (ECF No. 37.)

5  After the identification, the parties filed competing motions for summary judgment. (ECF
6  Nos. 43 and 55.) Magistrate Judge Cobb issued a Report & Recommendation recommending
7  denial of Plaintiff's motion and granting of Defendant's motion. (ECF No. 63.) In making this
8  determination, the Magistrate Judge found "one uncontroverted fact dispositive of both
9  motions"—that Defendant Waggener could not have personally participated in the allegedly
10 unlawful conduct because he had been on medical leave from January 14, 2014 to March 18, 2015.
11 (*Id.*) This Court adopted and accepted the Magistrate Judge's recommendation, closing the case.
12 (ECF No. 64.)

13 Plaintiff then filed the instant motion claiming that the DAG had fraudulently
14 misrepresented the identity of the mailroom supervisor as Defendant Waggener. (ECF No. 66.)
15 Contingent on the success of this motion, Plaintiff also moves for sanctions, (ECF No. 72), and
16 renews his motion for summary judgment in his favor, (ECF No. 70).

### LEGAL STANDARD

18 Federal Rule of Civil Procedure 60(b)(3) allows for a court to reconsider a judgment
19 resulting from "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
20 misconduct by an opposing party." To prevail in such a motion, the moving party must show by
21 clear and convincing evidence that the opposing party obtained the judgment "through fraud,
22 misrepresentation, or other misconduct" and that such conduct prevented him from fully and fairly
23 presenting his case. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).
24 ///

**ANALYSIS**

The crux of Plaintiff's argument is that, but-for the DAG fraudulently providing an incorrect identity for John Doe 2, Defendant's motion for summary judgment would have failed. However, the record demonstrates that Plaintiff's case could not survive summary judgment regardless of the identity of Defendant John Doe 2.

Although the basis of the Magistrate Judge's recommendation for granting summary judgment in favor of Defendant Waggener was that he was not personally involved in the underlying conduct, another meritorious argument presented by Defendant in his motion was that "an isolated incident of mail interference is insufficient to state a claim under the First Amendment." (ECF No. 55 at 8:1–2.) Although Plaintiff, in his opposition, argued that "the confiscation of the Plaintiff's incoming legal materials wasn't an isolated incident, but an on going [sic] trend," (ECF No. 59 at 4), he does not provide evidence of more than one occasion of mail interference.[1] Therefore, Plaintiff has not demonstrated a genuine issue of material fact as to whether there was more than a single incident of his mail being mishandled.

Accordingly, the entry of summary judgment against Plaintiff was appropriate regardless of the correct identity of John Doe because "a single mistake or occasional incident of mishandling of mail, legal or nonlegal, does not state a claim under section 1983." *Reynolds v. Potts*, 8. F.3d 29, 29 (9th Cir. 1993). Thus, the Court denies Plaintiff's motion for relief from the judgment, as well as his motions for sanctions and summary judgment, which turned on this motion.

///

///

---

[1] Plaintiff had previously survived screening based on his allegations of multiple incidents of mail interference. (*See* ECF No. 11 at 2–3.)

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate (ECF No. 66) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 70) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanction (ECF No. 72) is DENIED.

IT IS SO ORDERED.

Dated:  April 22, 2020.

_____
ROBERT C. JONES
United States District Judge